Frank A. Gtjlotta, J.
This is a motion to confirm the report of a Referee in surplus money proceedings which is opposed by two judgment creditors who claim that they should be given priority over a second mortgagee, whom the Referee has reported is entitled to the entire surplus in the amount of $5,369.
One of the judgments, that of Bankers Commercial Corporation was docketed September 14, 1956, and the other judgment, held by the County Federal Savings & Loan Association, was docketed October 21, 1956.
The second mortgage, held by the claimant, Charles W. Billings, in the amount of $8,500 was recorded in the County Clerk’s office on April 9,1956. It was acknowledged on April 6, 1956, but there is a dispute as to when it was executed, the objectors contending that that also took place on April 6, 1956, whereas Billings claims, and the Referee has found, that the mortgage was made on January 25, 1956, which was the day on which Billings lent the money.
The loan took the form of a check in that amount dated January 25, 1956, signed by Charles W. Billings and Charles W. Billings, Pres., in which Walsh Lincoln Mercury is the payee.
A promissory note in the same amount and date is signed by Walsh Lincoln Mercury, Inc. by John D. Walsh, Pres., and John D. Walsh, individually and is made payable to Charles W. Billings.
Essentially the objectant’s position is that since the check was made payable to Walsh’s corporation instead of to him personally that there was no consideration for the mortgage and further that the discrepancy in dates and the delay in record *641 ing the mortgage are suspicions circumstances which indicate an intent to defraud Walsh’s creditors.
This court considers these arguments unsound. Legally it makes no difference whether Billings at Walsh’s direction made his check payable to a corporation designated by Walsh or made it to Walsh directly, and he thereafter transferred the funds to the corporation. This is still a valid consideration for the mortgage and Walsh was personally obligated to repay it. He was committing no fraud on his creditors when he secured the loan by a mortgage.
Even if we assume for the purposes of argument, and contrary to the Referee’s findings, that the mortgage was made later than the loan, this is of no significance either, since an antecedent debt is fair consideration (Debtor and Creditor Law, § 272) and the mortgage concededly was recorded prior to the docketing of both judgments with which we are here concerned.
Neither is the fact that Billings’ corporation was involved in the making of the check of any concern to these two claimants. Although Billings personally was a maker of the check as well it is claimed these were corporate funds. If that be the fact, that the security was given to Billings alone, could only affect creditors of his corporation, if any, not these claimants.
Furthermore, the court does not consider the slovenly way in which this transaction was handled as suspicious — quite the opposite. When Billings put up the $8,500 he could have insisted on papers in apple-pie order. The fact that he did not argues against any intent to defraud Walsh’s creditors, not for it.
Motion granted.
Submit order and unless fee of Referee is agreed to, an affidavit of services by the Referee and request for a fee.